# UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

No. 13-3091

Allen L. Nicklasson

Appellant

v.

Don Roper, Warden, Potosi Correctional Center

Appellee

_____

Appeal from U.S. District Court for the Western District of Missouri-Kansas City
(4:03-cv-08001-GAF)

_____

## ORDER

Before WOLLMAN, BEAM and MELLOY, Circuit Judges.

The motion for stay of execution is granted pending further order from this court.

The clerk is directed to set this case for oral argument on Thursday, January 16, 2014, at 1:30 p.m. in St. Louis, Missouri. In addition to the issues previously identified and briefed, the parties are directed to file simultaneous supplemental briefs, not to exceed 20 pages, no later than December 31, 2013, addressing the following issues:

1. Does petitioner's Federal Rule of Civil Procedure 60(b) motion for relief from judgment raising a claim under <u>Martinez v. Ryan</u>, 566

U.S. 1, 132 S. Ct. 1309 (2012), constitute a second or successive petition for writ of habeas corpus and thus is not cognizable in the absence of a certificate of appealability?

2. If such a certificate is necessary, should one be granted in the circumstances of this case?

3. What showing must be made that a claim is "substantial" as that term is used in Martinez v. Ryan, 132 S. Ct. 1309, 1318 (2012)?

BEAM, Circuit Judge, dissenting.

Given the State's significant interest in timely enforcement of its criminal judgments, Nelson v. Campbell, 541 U.S. 637, 649 (2004), there is a strong equitable presumption against the grant of a stay where the claim could have been brought at such time as to allow consideration of the merits without requiring entry of a last-minute stay. Id. at 650. Indeed, equity must take into consideration the State's strong interest in proceeding with its judgment and Nicklasson's clear attempt to manipulate the judicial process to the contrary. Gomez v. United States Dist. Court for the N. Dist. of Cal., 503 U.S. 653, 654 (1992). As decried in Gomez, this claim could have been brought more than a decade ago, id., and the court, in my view, must consider the final hours nature of this application for stay. Id. Indeed, the essence of these claims was actually raised and thoughtfully decided almost a half decade ago. See Nicklasson v. Roper, 491 F.3d 830 (8th Cir. 2007); see also Nicklasson v. Roper, No. 03-8001-CV–W-GAF, 2005 WL 1005126 (W.D. Mo. April 26, 2005). And, these

*earlier* proceedings were brought more than eleven years after Mr. Nicklasson's trial and sentence for a capital crime committed in August 1994.

Nicklasson filed a Rule 60(b) motion and alternatively sought a supplemental petition for writ of habeas corpus in the district court. The district court denied both, holding that Nicklasson failed to show that extraordinary circumstances exist to grant him relief under Rule 60(b)(6) and that he did not request an order from the Eighth Circuit regarding his second or successive habeas application. In my view, both conclusions dictate the denial of the pending motion for stay.

There are four claims of ineffective counsel at issue that all parties in this matter describe as "Claims 17, 18, 21 and 22." They are:

(1)  ineffective assistance of trial counsel for refusing to allow Mr. Nicklasson to testify at trial (claim 17);

(2)  ineffective assistance of trial counsel for failing to call Dr. Logan at trial to testify that Mr. Nicklasson's mental condition at the time of the crime was not caused by voluntary intoxication (claim 18);

(3)  ineffective assistance of direct appeal counsel for failing to provide specific argument as to why over 200 excluded defense exhibits should have been admitted at trial (claim 21); and

(4)  ineffective assistance of direct appeal counsel for failing to brief the issue of the trial court's error in admitting the testimony of Lieutenant Dale Lent in the penalty phase as to his opinion of the footprint evidence in the case (claim 22).

Importantly, *each* of these claims was raised in Nicklasson's state post-conviction proceedings. In fact, Nicklasson raised twelve claims alleging ineffective assistance

of trial and direct-appeal counsel, including the four claims now discussed in his pending motion. The state motion court denied Nicklasson relief on all twelve claims, including the substance of claims 17, 18, 21 and 22. Nicklasson appealed only two issues to the Missouri Supreme Court, neither of which is the subject of claims 17, 18, 21 and 22, but both of which were denied. Nicklasson v. State, 105 S.W.3d 482 (Mo. 2003). In 2004, Nicklasson likewise sought habeas review in the federal district court, raising claims 17, 18, 21 and 22, making the same arguments he made during his initial state post-conviction proceeding. The federal district court rejected these claims on the merits and otherwise held that regardless, because each of the four claims were not appealed to the Missouri Supreme Court in Nicklasson's post-conviction appeal, they were procedurally barred. Nicklasson, No. 03-8001-CV-W-GAF, at *18-20. Thus, the Rule 60(b) motion before this court is clearly a second or successive habeas petition under 28 U.S.C. § 2254. And, it is equally clear that such filing is without the predicate issuance by this court of any semblance of the certificate of appealability required by 28 U.S.C. § 2244(b)(3)(A).

"Rule 60(b) creates an exception to the finality of a district court's judgment in a habeas proceeding, so that if neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules." Ward v. Norris, 577 F.3d 925, 933

(8th Cir. 2009) (internal quotation omitted). However, if a Rule 60(b) motion presents a "claim," it must be treated as a second or successive habeas petition under the Antiterrorism and Effective Death Penalty Act (AEDPA). Id.

> For the purpose of determining whether the motion is a habeas corpus application, claim is defined as an "asserted federal basis for relief from a state court's judgment of conviction" or as an attack on the "federal court's previous resolution of the claim *on the merits*." Gonzalez v. Crosby, 545 U.S. 524, 530 (2005). "On the merits" refers "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)." Id. at 532 n.4.

Id. "No claim is presented if the motion attacks 'some defect in the integrity of the federal habeas proceedings.'" Id. (quoting Gonzalez, 545 U.S. at 532). Here, although Nicklasson argues that he is challenging the finding of procedural default and therefore his is not a successive petition, he actually is asking for a second chance to have the merits favorably determined, thus taking it outside the bounds of Rule 60(b) and within the scope of AEDPA's limitations on second or successive habeas corpus petitions. Gonzalez, 545 U.S. at 532-33 n.5.

Nicklasson argues each of the four ineffective-assistance-of-trial-counsel claims are viable under Martinez v. Ryan, 132 S. Ct. 1309 (2012). "Martinez held that, in some circumstances, the ineffective assistance of state post-conviction relief counsel can serve as cause to excuse the procedural default of an ineffective-assistance-of-trial-counsel claim." Jones v. Ryan, 733 F.3d 825, 835 (9th Cir. 2013).

On appeal from the district court's denial of his Rule 60(b) motion, Nicklasson is now careful to craft his claims under _Martinez_, claiming that his initial state post-conviction counsel was ineffective _beginning_ "when she failed to pursue the [now-raised] claims in the amended postconviction motion, and continued when she failed to raise the claims at all on appeal from the denial of the motion." It is noteworthy that the district court determined that it was unclear from Nicklasson's motion whether he was attempting to argue his initial state post-conviction counsel or his state post-conviction appellate counsel was ineffective. _Martinez_ does not concern attorney errors in appeals from initial-review collateral proceedings so it is crucial that Nicklasson now couch each claim as a challenge to counsel's effectiveness at the initial post-conviction stage, so as to even gain a glimpse through the Eighth Circuit window at this juncture. 132 S. Ct. at 1320. Regardless, crafting these claims today as challenges to his initial state post-conviction counsel's effectiveness still fails to get Nicklasson through the Rule 60(b) window.

Under _Gonzalez_, an attack on counsel's omissions, or counsel's failure to adequately pursue particular claims ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably. _Gonzalez_, 545 U.S. at 532-33 n.5. "The court in _Gonzalez_ was careful to explain how Rule 60(b) could not be used to get a second chance to assert new claims." _Jones_, 733 F.3d at 836. None of Nicklasson's arguments amount to an

allegation of a "'defect in the integrity of the federal habeas proceedings' that constitutes grounds for a legitimate Rule 60(b) motion." Id. (quoting Gonzalez, 545 U.S. at 532.). Rather, Nicklasson is in essence arguing that he deserves "a second chance to have the merits determined favorably" in the context of a second or successive 28 U.S.C. § 2254 habeas corpus petition, given the Court's pronouncement in Martinez. Gonzalez, 545 U.S. at 532-33 n.5. This approach falls short. Noted earlier, each of the four claims of ineffectiveness now highlighted by Nicklasson was addressed by the post-conviction trial court in Missouri and raised in Nicklasson's initial habeas petition as well. The claims now are essentially that Nicklasson's counsel should have proceeded in a different manner at trial or on direct appeal, not necessarily that counsel's performance was ineffective. At bottom, this approach egregiously flies in the face of all presumptions connected with counsel performance carefully preserved by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984) and its progeny.

    As astutely noted by Justice Scalia in similar circumstances, even if Rule 60(b) provided an avenue for Nicklasson in these circumstances, and even if each of the four claims could be found viable under Martinez as claims regarding the ineffectiveness of post-conviction trial (not appellate) counsel, a stay is unwarranted because, as just noted, Nicklasson presents no plausible claim for relief. "The absolute most to which he would be entitled under Martinez is excuse of his

procedural default of this claim, enabling a federal district court to adjudicate the claim on the merits," Haynes v. Thaler, 133 S. Ct. 639, 640 (2012) (Scalia, J., dissenting), which is precisely what the district court has already done in its federal habeas review. Nicklasson, No. 03-8001-CV–W-GAF, at *18-20. There, in addition to rejecting two of these claims on the merits, the district court held that all were procedurally barred. Id. Accordingly, the district court correctly denied Nicklasson's Rule 60(b)(6) motion by determining that Martinez (which would do no more than excuse Nicklasson's procedural default) was beside the point, as the court had already granted Nicklasson review of the issues he now seeks and thus the court has considered the merits of the now-barred claims. See Haynes, 133 S. Ct. at 640.

Nicklasson fares no better under Martinez in his pursuit of these matters under the successive or second habeas rubric. By its own terms, Martinez did not announce a new rule of constitutional law. "Martinez 'qualifie[d] Coleman by recognizing a narrow exception' to that case's rule," and the Court itself "characterized its decision in Martinez as an 'equitable ruling,' and not a 'constitutional' one." Jones, 733 F.3d at 843 (alteration in original) (quoting Martinez, 132 S. Ct. at 1319. Therefore, Nicklasson's reliance on Martinez is unavailing as a successive habeas as well, which requires a constitutional foothold. 28 U.S.C. § 2244(b)(2)(A). Accordingly, this court should not issue a certificate of appealability on any of the issues now before

us.[1] Nicklasson's argument that by virtue of granting briefing on the matter before us, this panel has essentially already granted a certificate of appealability on these issues, is an attempted fabrication out of whole cloth.[2] The briefing conducted by the parties to-date has merely been permitted, at least on my part, to explicate the finite issues placed before us by the two asserted claims, and nothing more.

I would deny the pending motion for stay of execution pending appeal and affirm the district court's denial of relief under Rule 60(b) and denial of Nicklasson's request to file a supplemental petition for writ of habeas corpus.

I dissent.

December 9, 2013

Order Entered at the Direction of the Court:
Clerk, U.S. Court of Appeals, Eighth Circuit.

_____

/s/ Michael E. Gans

_____

[1] AEDPA limits the availability of habeas relief. <u>See</u> 28 U.S.C. § 2244(b). Before filing a second or successive application, the applicant must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

[2] A statement that is "made up, false." <u>The American Heritage Dictionary of Idioms</u> 316 (1997).