# IN THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT

| | |
|---|---|
| ALLEN NICKLASSON, | ) |
| | ) |
|    Appellant/Petitioner, | ) |
| | ) |
| v. | )     No. 13-3091 |
| | ) |
| DONALD ROPER, | ) |
| | ) |
|    Appellee/Respondent. | ) |

## PETITION FOR REHEARING OR REHEARING EN BANC

Respondent respectfully requests rehearing by the panel because it overlooks or misapprehends points of law or fact. FRAP 40(a)(2). Respondent respectfully requests rehearing en banc because the panel decision conflicts with *Bowersox v. Williams*, 517 U.S. 345 (1996), *Gonzalez v. Crosby*, 545 U.S. 524 (2005), and *Arnold v. Dormire*, 672 F.3d 1082 (8th Cir. 2012), and consideration by the full Court is necessary to secure and maintain uniformity of the Court's decisions. FRAP 35(b)(1)(A).

**I.   Summary of the Argument.**

On December 9, 2013, a panel issued an unexplained order indefinitely staying Allen Nicklasson's December 11, 2013 execution pending another brief, argument, and decision of Nicklasson's appeal of the district court's denial of Rule 60(b) relief. All four of Nicklasson's claims are necessarily futile because Nicklasson raised the claims in his Rule 29.15 state post-

conviction relief motion but failed to raise them on post-conviction appeal (Document 32, p. 31-32; Document 56, p. 7). It is well-established that claims defaulted in the appeal of the denial of post-conviction relief cannot be excuse by *Martinez v. Ryan* analysis. *Arnold v. Dormire*, 672 F.3d at 1082. Nicklasson's claims are futile regardless of the answers to any of the three questions on which the panel requested briefing. Accordingly, the panel's one-sentence order was an abuse of discretion because Nicklasson's claims have no significant possibility of success on the merits. Because there are no substantial grounds in the petition or appeal, the panel abused its discretion by entering an unexplained, indefinite stay of execution.

## II. Procedural History.

The Court is familiar with the facts and the procedural history of this cause. *Nicklasson v. Roper*, 491 F.3d 830, 832 (8th Cir. 2007), *cert. denied*, 553 U.S. 1007 (2008). During the initial habeas litigation, the district court resolved twenty grounds for relief against Nicklasson (Document No. 32). This Court affirmed the denial of relief. *Id*. at 847.

Years later, Nicklasson filed a motion for relief from judgment under Rule 60(b)(6) (Document No. 49). Nicklasson requested reconsideration of four claims presented in the initial habeas litigation: Claims 17, 18, 21, and 22 (Document 49, p. 5).

2

> Claim 17 alleged Nicklasson received ineffective assistance of trial counsel because counsel did not call him to testify (Document 32, p. 31; Document 49, p. 8).
>
> Claim 18 was ineffective assistance of trial counsel because counsel did not call Dr. Logan to testify about Nicklasson's mental disease or defect (Document 32, p. 31; Document 49, p. 9).
>
> Claim 21 alleged ineffective assistance of direct-appeal counsel because direct-appeal counsel did not brief specifics concerning alleged trial court error in the admission of Defense Exhibits 189 and 201-465 (Document 32, p. 31; Document 49, p. 10).
>
> Claim 22 alleged ineffective assistance of direct-appeal counsel because direct-appeal counsel did not brief a claim of whether a State's witness was an expert in tracking (Document 32, p. 32; Document 49, p. 21).

None of these grounds are a substantial ground supporting an unexplained stay of execution; thus, this Court abused its discretion.

### III. Standard of Review.

A stay of execution after the first habeas litigation is extraordinary. "A stay of execution pending disposition of a second or successive federal habeas petition should be granted only when there are 'substantial grounds upon which relief might be granted.'" *Bowersox v. Williams*, 517 U.S. 345, 346 (1996), *quoting Delo v. Stokes*, 495 U.S. 320, 321 (1990), *quoting Barefoot v. Estelle*, 463 U.S. 880, 895 (1983). The *Bowersox* court continued: "Entry of a stay on a second or third habeas petition is a drastic measure, and we have held that it is 'particularly egregious' to enter a stay absent substantial grounds for relief." *Id* at 346, *quoting Delo v. Blair*, 509 U.S. 823 (1993). Because the district court gave careful treatment to the offender's claims and

3

because of their surface implausibility, the Supreme Court vacated the Court of Appeals stay. *Id* at 346. After the Supreme Court's April 9, 1996 order, the Court then entered its own order affirming the district court's denial of relief. *Williams v. Delo*, 82 F.3d 781 (8th Cir. 1996).

To obtain a stay of execution, the applicant must show a significant possibility of success on the merits of the claim. *Hill v. McDonough*, 547 U.S. 573, 584 (2006). Accordingly, a stay is not available as a matter of right, and the federal courts should be cognizant of the State's and crime victims' interest in the timely enforcement of a criminal sentence, *id.*, *citing Calderon v. Thompson*, 523 U.S. 538, 556 (1998), and in the State's strong interest in enforcing its criminal judgments without undue interference from the federal courts. *Nelson v. Campbell*, 541 U.S. 623, 649-50 (2004).

The Supreme Court described the extremely limited circumstances when Rule 60(b) relief from an earlier habeas judgment is appropriate in *Gonzalez v. Crosby*, 545 U.S. 524 (2005). The Court must first determine if the Rule 60(b) motion presents a federal basis for relief from a state court conviction. *Id.* at 530. If it does, it is a second or successive habeas petition under 28 U.S.C. § 2244(b) and should be analyzed as such. *Gonzalez*, 545 U.S. at 531. But if the Rule 60(b) motion claims a defect in the integrity of the first habeas proceeding, such as fraud, the motion may be proper. *Id.* at 532.

4

Under *Gonzalez*, even if a Rule 60(b) motion is proper, vis-à-vis § 2244(b), the Court must then analyze it under the general principle underlying Rule 60(b) motions in order to avoid exposing the federal courts to an avalanche of frivolous post-judgment motions. *Gonzalez*, 545 U.S. at 534-35. Those principles follow: First, the offender must submit the motion within a reasonable time. *Id.* at 535. Second, the offender must show an "extraordinary circumstance" that justifies the reopening of the final habeas judgment. *Id.* at 535, *citing Ackermann v. United States*, 340 U.S. 193, 199 (1950). The Court noted that those circumstances will rarely occur in the habeas context. *Id.* Lastly, the Court noted the limited and deferential appellate review that a district court's decision on a Rule 60(b) motion should receive. *Id. citing Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 263 n. 7 (1978). In *Browder*, the court noted that appellate review was only for abuse of discretion and that an appeal of the denial of Rule 60(b) relief is limited because it does not present the underlying judgment for review. 434 U.S. at 263 n. 7.

Applying these well-established rules, this Court's order is clearly an abuse of discretion. The panel does not recognize or apply these standards in its one-sentence order, violating *Bowersox v. Williams*, 517 U.S. 345 (1996).

**IV.  This Court abused it discretion by issuing a stay of execution.**

Before the district court, Nicklasson contended that he should receive Rule 60(b) relief because of the decision in *Martinez v. Ryan*, 566 U.S. 1, 132 S.Ct. 1309 (2012) (Document 49, p. 1). Based on *Martinez*, Nicklasson requested reconsideration of Claims 17, 18, 21, and 22 (Document 49, p. 5). The *Martinez* decision recognized that a claim of ineffective assistance of post-conviction trial counsel is equitable cause sufficient to overcome a default of a claim of ineffective assistance of trial counsel at the post-conviction trial court level. Respondent will consider each of Nicklasson's claims under the *Gonzalez/Martinez* standard.

**A.  Claims 17 and 18.**

**1.  The claims are repetitive.**

This Court's decision in *Martinez* does not affect the district court's 2005 resolution of Claims 17 and 18. During the initial habeas litigation, not only did the federal district court find these claims were defaulted, it also concluded they were meritless (Document 32, p. 31). After identifying the claims, the district court held: "The Rule 29.15 trial court found these claims were meritless due to Petitioner's failure to prove the claims. These determinations are reasonable ones that are entitled to deference under § 2254(d)." (Document 32, p. 31). Nicklasson did not receive a certificate of appealability under 28 U.S.C. § 2253(c) for these claims; thus, this Court did

6

not disturb this judgment. *Nicklasson v. Roper*, 491 F.3d at 833. Because Nicklasson received a merits decision on Claims 17 and 18 during the initial litigation, the Rule 60(b) motion alleging new law under *Martinez v. Ryan*, did not allege a real defect in the integrity of the federal habeas proceeding. *See Gonzalez*, 545 U.S. at 532. Phrased another way, even if *Martinez* were a basis to lift a procedural bar to review for Claims 17 and 18, it would not affect the April 26, 2005 judgment finding Claims 17 and 18 were meritless. The panel decision conflicts with *Gonzalez* and section 2244(b)(1).

Not only were Claims 17 and 18 decided on their merits in the initial habeas litigation, meaning they are repetitive under 28 U.S.C. § 2244(b)(1), the district court properly based that decision on 28 U.S.C. § 2254(d)'s deference requirement (Document 32, p. 31). The Rule 29.15 (PCR) trial court considered Claim 17 and determined that it was meritless (PCR Judgment, p. 19-20). The PCR trial court also found Claim 18 was meritless (PCR Judgment, p. 20-21). Accordingly, using § 2254(d), the original habeas court properly determined that the claims were meritless (Document 32, p. 31).

**2. Martinez does not provide cause for appellate PCR default.**

The Rule 60(b) decision also noted the merits determination by the PCR court (Document 56, p. 2-3). From the PCR trial court's denial of relief,

7

Nicklasson appealed but did not include Claims 17 and 18 on post-conviction appeal (Document 32, p. 31). As the original habeas court stated:

> However, he did not include these issues on post-conviction appeal. Petitioner's failure to brief these issues on post-conviction appeal constitutes default that precludes state and federal court review. *Sweet v. Delo*, 125 F.3d at 1149-50. For federal court review of these claims to occur, Petitioner must allege and demonstrate good cause and actual prejudice under *Murray v. Carrier*, [477 U.S. 478 (1986)]. Petitioner declines to do so. (Document 32, p. 31).

While *Martinez v. Ryan* may provide an equitable contention of cause for defaulted ineffective assistance of trial counsel claims at the initial collateral-review proceeding, *Martinez*, 132 S.Ct. at 1320, it does not provide a legal basis for cause when the default occurred on post-conviction appeal. The Supreme Court expressly limited the *Martinez* holding because it "does not extend to attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial," "including appeals from initial-review collateral proceedings." *Martinez*, 132 S.Ct. at 1320. The district court properly concluded, "*Martinez* provides Petitioner no relief to establish cause from his procedural default for his state post-conviction appellate counsel's failure to raise Claims 17, 18, 21, and 22 on appeal to the Missouri Supreme Court." (Document 56, p. 7). This Court has also determined that ineffective assistance of post-conviction appellate counsel does not constitute a sufficient allegation of cause after the *Martinez*

8

decision. *Arnold v. Dormire*, 672 F.3d 1082 (8th Cir. 2012). The panel conflicts with *Arnold*.

### 3. The claims continue to be meritless.

Not only are Claims 17 and 18 successive and prohibited by § 2244(b)(1), and defaulted because *Martinez* does not lift the procedural bar to review, they are also meritless. In Claim 17, Nicklasson alleged that he received ineffective assistance of counsel because counsel did not call Nicklasson to testify. The PCR motion court found that Nicklasson's allegation and proof of the claim were insufficient (PCR Judgment, p. 19-20). The district court assumed Nicklasson showed cause for the default (Document 56, p. 8). But the district court went on to find that Nicklasson was not prejudiced by the default (Document 56, p. 9), and that the underlying ineffective assistance of trial counsel claim was again meritless (Document 56, p. 10). The Rule 60(b) court reviewed the merits of Claim 17 under the deference standard provided by Congress in 28 U.S.C. § 2254(d) (Document 56, p. 9-10). Initially the Rule 60(b) court determined:

> As to Claim 17, the motion court found Petitioner was only considering testifying at trial and Petitioner offered no evidence as to what he would have testified. [PCR Judgment, p. 19]. Because Petitioner did not demonstrate to what he would have testified and failed to show he conclusively desired to testify, the motion court concluded Petitioner failed to show he was prejudiced by any alleged failure to call him as a witness. (*Id*. at 20).

9

(Document 56, p. 2). The district court concluded:

> As discussed above, with regard to Claim 17, the motion court determined there was conflicting evidence as to whether Petitioner actually wanted to testify at trial. Under AEDPA, this Court presumes that factual determination is correct. *See* 28 U.S.C. § 2254(e)(1). Because Petitioner was equivocal in wanting to testify, he did not demonstrate with reasonable probability that his testimony would have changed the outcome of trial. Accordingly, it was reasonable for the motion court to conclude Petitioner failed to demonstrate prejudice under *Strickland*.

(Document 56, p. 10). In his brief to the panel, Nicklasson did not criticize the merits determination or contend that it was erroneous. At the state court hearing Nicklasson did not demonstrate that he wanted to testify, and that his counsel prevented him from testifying. Further, Nicklasson did not demonstrate to the motion court the contents of his proposed testimony. Under these circumstances, the district court properly denied relief.

As to Claim 18, the Rule 60(b) court also denied relief on the merits. The district court identified the state court's resolution of the claim.

> [T]he motion court found there was substantial evidence presented at trial that Petitioner was under the influence of a controlled substance and that his mental condition was due to involuntary intoxication [PCR Judgment, p. 20]. Petitioner also did not call Dr. Logan at his initial state post-conviction hearing; thus, there was no evidence offered before the motion court as to whether Dr. Logan would have opined about Petitioner's mental state. (*Id*. at 20-21). Because there was no evidence offered, the motion court concluded Petitioner failed to demonstrate his trial counsel was ineffective or that he was prejudiced. (*Id*. at 21). (Document 56, p. 3).

10

The district court reviewed the state court's resolution of the claim to determine whether it was reasonable under § 2254(d) (Document 56, p. 9-10). The Rule 60(b) court concluded:

> Regarding Claim 18, Petitioner failed to call Dr. Logan at his initial state post-conviction hearing; thus, there was no evidence offered before the motion court as to whether Dr. Logan would have opined about Petitioner's mental state. (Court's Judgment, pp. 20-21). Because there was no evidence offered, the motion court concluded Petitioner failed to demonstrate his trial counsel was ineffective or that he was prejudiced. (*Id.* at 21). Petitioner offered no evidence to rebut the motion court's factual determinations; thus, the Court presumes they are correct. *See* 28 U.S.C. § 2254(e)(1). Because of the lack of evidence before the motion court, it was reasonable to conclude Petitioner failed to demonstrate ineffectiveness and prejudice. Thus, the motion court's application of *Strickland* was reasonable and granting Petitioner relief is not warranted.

(Document 56, p. 11). Again, when appealed to panel Nicklasson did not brief any error by the district court with its resolution of this claim.

**B.  Claims 21 and 22.**

**1.  *Martinez* does not provide cause for appellate PCR default.**

The 2005 district court concluded that Nicklasson defaulted Claims 21 and 22 when he failed to brief these claims in post-conviction appeal.

> Petitioner's 21st and 22nd claims also suffer from a common procedural default. From the denial of relief on Grounds 21 and 22, Petitioner did not brief these claims on post-conviction appeal. Petitioner's failure to brief these issues on post-

11

> conviction appeal constitutes default that precludes state and federal court review. *Sweet v. Delo*, 125 F.3d at 1149-50. For federal court review of these claims to occur, Petitioner must demonstrate good cause and actual prejudice under *Murray v. Carrier*.

(Document 32, p. 32). So Nicklasson's default with Claims 21 and 22 occurred at the PCR appellate court level, but *Martinez* did not recognize ineffective assistance as cause to overcome a default at the PCR appellate court level. *Arnold v. Dormire*, 672 F.3d at 1082. The panel order conflicts with *Arnold*.

**2. Martinez does not provide cause for defaulted ineffective assistance of appellate counsel claims.**

There is a second independent reason that *Martinez* is inapplicable. Both Claims 21 and 22 are claims of ineffective assistance of direct-appeal counsel (Document 56, p. 2), not ineffective assistance of trial counsel. The *Martinez* decision concerned only ineffective assistance of trial counsel claims and did not discuss cause for defaulted ineffective assistance of direct-appeal counsel claims. *See McKinney v. Ryan*, 730 F.3d 903, 913 (9th Cir. 2013) (declining to review "dual juries" claim under *Martinez* because *Martinez* made clear that its "exception applies only when the underlying constitutional claim is ineffective assistance of trial counsel."). In *Banks v. Workman*, 692 F.3d 1133 (10th Cir. 2012), this Court declined to extend *Martinez* to allegations of cause for underlying ineffective assistance of direct-appeal counsel claims. *Id*. at 1148. The *Martinez* rule applies only to a claim

12

of ineffective assistance of trial counsel claim. *Martinez*, 132 S.Ct. at 1315. Also quoting *Martinez*, the *Banks* court noted that the rule of *Coleman* governs in all but the limited circumstances recognized in *Martinez*. *Banks*, 692 F.3d at 1148. Nicklasson cannot obtain review of Claims 21 and 22 by alleging ineffective assistance of post-conviction appellate counsel.

### 3. Claims 21 and 22 continue to be meritless.

The Rule 60(b) court also found Claims 21 and 22 were meritless. Initially, as to Claim 21, the district court held:

> On direct appeal, counsel challenged the trial court's exclusion of 266 exhibits [PCR Judgment at 24]. However, direct-appeal counsel only specifically described some exhibits while generally describing others. (*Id*.). Further, direct-appeal counsel did not request leave to file a larger brief to include more argument regarding those exhibits. (*Id*.). The Missouri Supreme Court held Petitioner waived his claim because he did not specifically argue the exhibits' admissibility. (*Id*.). The motion court also noted initial state post-conviction counsel failed to argue specifically why these exhibits were admissible and found these exhibits to be cumulative of other admitted evidence. (*Id*. at 24-25). Additionally, the motion court concluded Petitioner failed to demonstrate with reasonable probability that the trial court abused its discretion in failing to admit this evidence and determined Petitioner failed to show that the Missouri Supreme Court would have permitted the filing of an oversized brief to make further argument. (*Id*.). Ultimately, the motion court concluded Petitioner failed to demonstrate he was prejudiced by direct-appeal counsel's alleged ineffectiveness. (*Id*. at 26). (Document 56, p. 3).

13

The Rule 60(b) court properly applied the deference standard of § 2254(d) in determining that Petitioner's claim was meritless (Document 56, p. 9-10).

> The motion court also reasonably applied *Strickland* as to Claim 21. Before the motion court, Petitioner argued direct-appeal counsel was ineffective for failing to specifically describe why 266 exhibits should have been admitted at trial. (Motion Court's Judgment, p. 24). He also argued direct-appeal counsel should have requested leave to file a larger brief. (*Id.*). The motion court denied Petitioner's claim. It noted initial state post-conviction counsel failed to argue specifically why 266 exhibits were admissible and found these exhibits to be cumulative of other admitted evidence. (*Id.* at 24-25). Additionally, the motion court concluded Petitioner failed to demonstrate with reasonable probability that the trial court abused its discretion in failing to admit this evidence and failed to show the Missouri Supreme Court would have permitted the filing of an oversized brief. (*Id.*). Ultimately, the motion court concluded Petitioner failed to demonstrate he was prejudiced by direct-appeal counsel's alleged ineffectiveness. (*Id.* at 26). The motion court's factual determinations are presumed correct. *See* 28 U.S.C. § 2254(e)(1). Based on the facts before the motion court, it was reasonable to conclude Petitioner was not prejudiced because the exhibits were cumulative and there was no reasonable probability admitting them or allowing more briefing would have altered the outcome. Therefore, the motion court reasonably applied *Strickland* and relief is not warranted. (Document 56, p. 11-12).

Nicklasson did not brief any error in the merits ruling by the Rule 60 court.

As to Claim 22, Nicklasson also alleged ineffective assistance of direct-appeal counsel. Again, the Rule 60(b) court considered this claim.

> [T]he motion court found proper foundation was laid for Lent's experience in tracking. [PCR Judgment, p. 30]. Rather than object to Lent's expert conclusions at trial, trial counsel objected that the

14

> terminology Lent used when describing the tracks was misleading to the jury. (*Id.*). On direct appeal and before the motion court, Petitioner presented no evidence that Lent's testimony was an improper expert opinion. (*Id.* at 31). Because Petitioner presented no evidence at either hearing, the motion court concluded he abandoned his claim that Lent's expert testimony was improper. (*Id.* at 31-32). According to the motion court, without any evidence offered at either level, the motion court could not conclude that direct-appeal counsel was ineffective for failing to preserve this issue. (*Id.* at 31). The motion court further concluded that trial counsel's objection to Lent's testimony was meritless because the terminology Lent used was clearly defined to the jury. (*Id.* at 32). Thus, the motion court concluded Petitioner would have failed to demonstrate prejudice. (*Id.*).

(Document 56, p. 3-4). The district court reviewed the claim under 28 U.S.C. § 2254(d) to determine whether the state court's conclusion was reasonable.

> Without any evidence offered at either level that Lent's testimony was improper, the motion court could not conclude whether direct-appeal counsel was ineffective for failing to preserve this claim. (Motion Court's Judgment, at 31). The motion court also concluded that trial counsel's objection to Lent's testimony was meritless. (*Id.* at 32). Thus, the motion court concluded Petitioner would have failed to demonstrate prejudice. (*Id.*). Due to the lack of evidence before the motion court, it was reasonable to conclude Petitioner failed to show ineffectiveness and prejudice. Therefore, the motion court's application of *Strickland* was reasonable and Petitioner is not entitled to relief.

(Document 56, p. 12). Nicklasson did not claim error with the merits finding by the Rule 60(b) court. In light of these alternative findings by the district court, the Court should vacate the stay.

## V. Conclusion.

The Court should vacate the order staying Nicklasson's execution.

15

Respectfully submitted,

**CHRIS KOSTER**
Attorney General

/s/Stephen D. Hawke

_____

STEPHEN D. HAWKE
Assistant Attorney General
Missouri Bar No. 35242
Office of the Attorney General
Supreme Court Building
P.O. Box 899
Jefferson City, MO 65102-0899
573-751-8321 (voice)
573-751-0774 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of December, 2013, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

S. Paige Canfield
Attorney at Law
3889 Juniata
St. Louis, MO 63116

Jennifer Herndon
Attorney at Law
224 North Highway 67, #122
Florissant, MO 63031

/s/Stephen D. Hawke
_____

Stephen D. Hawke
Assistant Attorney General

17